**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JANE DOE | : | Case No. 1:12-cv-846 |
| c/o David A. Singleton | | |
| Ohio Justice & Policy Center | : | |
| 215 E. 9th Street, Suite 601 | | |
| Cincinnati, Ohio 45202 | : | Judge |
| | | |
| Plaintiff, | : | |
| | | |
| vs. | : | Magistrate Judge |
| | | |
| Mike DeWine, in his official capacity as | : | |
| Attorney General | | |
| Ohio Attorney General's Office | : | **COMPLAINT** |
| 30 E. Broad St., 14th Floor | | |
| Columbus, Ohio 43215 | : | |
| | | |
| and | : | |
| | | |
| Tom Stickrath, in his official capacity as | : | |
| Superintendent of Ohio's Bureau of | | |
| Criminal Investigation | : | |
| Ohio Attorney General's Office | | |
| 30 E. Broad St., 14th Floor | : | |
| Columbus, Ohio 43215 | | |
| | : | |
| and | : | |
| | | |
| Simon Leis, Jr., in his official capacity as | : | |
| Hamilton County Sheriff | : | |
| 1000 Sycamore Street | | |
| Cincinnati, Ohio 45202 | : | |
| | | |
| Defendants. | : | |

## PRELIMINARY STATEMENT

Plaintiff Jane Doe[1] brings this action under the Federal Civil Rights statute, 42 U.S.C. § 1983, to require the State to conduct a hearing to determine whether Ms. Doe is currently a sexual predator.  In 2006, Ms. Doe was convicted of unlawful sexual conduct with a minor and classified a sexual predator by the court.  A sexual predator is defined as a person who is likely to commit another sexual offense in the future.  Since her conviction, Ms. Doe has sought and completed sex offender treatment and counseling.   She has also had two risk assessments by two different sex offender treatment professionals who have both concluded that she has a very low risk to commit another sex offense.

Although Ms. Doe is no longer likely to commit another sex offense and presents no realistic risk to the public, the State requires her to register as a predator for the rest of her life. Further, the State notifies the public through its internet registry and postcards that Ms. Doe is currently likely to commit another sex offense.  Ms. Doe seeks a hearing to prove that she is not likely to commit another sex offense so that the State will stop disseminating this false information to the public.  The State's failure to provide her with a hearing violates her federal constitutional procedural and substantive due process rights.

## JURISDICTION AND VENUE

1.   This action is brought under 42 U.S.C. § 1983.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. The Court has authority under 28 U.S.C. § 2201 to provide appropriate declaratory relief as to matters within its jurisdiction.

2.   Venue is proper pursuant to 28 U.S.C. § 1391(b) and S.D. Ohio Civ. R. 82.1(c), because Defendant Leis resides in the Southern District of Ohio, Western Division.

---

[1] Ms. Doe is using a pseudonym to protect her from harassment.  Counsel will notify defense counsel of her true identity.

**PARTIES**

3.   Plaintiff Doe resides in the City of Cincinnati, Ohio.  In 2006, she pled guilty to one count of unlawful sexual conduct with a minor and was classified a sexual predator after a court hearing.  She was ordered to personally register with the sheriff where she lives, works, and attends school, every ninety days until her death.

4.   Defendant Mike DeWine is the Attorney General for the state of Ohio.  As chief legal officer for the state, he enforces and defends Ohio law, and supervises and directs the Superintendent of the Ohio Bureau of Criminal Investigation ("BCI").  BCI is responsible for maintaining an internet registry on all sex offenders.  Defendant DeWine is sued in his official capacity for actions taken under color of state law.

5.   Defendant Tom Stickrath is the Superintendent of BCI.  BCI is responsible for maintaining a sex offender database and internet registry. Defendant Stickrath is sued in his official capacity for actions taken under color of state law.

6.   Defendant Simon Leis, Jr., is the Sheriff of Hamilton County, Ohio. The Sheriff's office is responsible for registering sex offenders, maintaining a sex offender internet registry, and providing community notification about predators.  Defendant Leis is sued in his official capacity for actions taken under color of state law.

**OHIO'S SEX OFFENDER SCHEME**

7.   Ohio initially enacted its risk based registration scheme in 1997.[2] Sex offenders were classified by a judge after a hearing to determine if the offender had a high risk to re-offend.  If

---

[2] Although Ohio passed a new scheme to comport with the Adam Walsh Act, the Ohio Supreme Court has determined that this scheme cannot constitutionally be applied to Ms. Doe in *State v. Bodyke*,.126 Ohio St.3d 266, 933 N.E.2d 753, 2010-Ohio-2424.  Instead, former Chapter 2950

the court found that the offender was unlikely to commit another sex offense, the offender was classified as a sexually oriented offender and ordered to register once a year for ten years.

8.  If the court found that the offender to be dangerous, it classified the offender as a sexual predator and ordered him/her to register every ninety days until death. Sexual predators are statutorily defined as persons "likely to engage in the future in one or more sexually oriented offenses."

9.  In addition to being required to register with the sheriff every 90 days until death, predators must pay a $25 fee for each registration.  Thus, predators are required to pay registration costs of $100/year for the rest of their lives.

10. All sex offenders are required to provide their name, any aliases, scars, tattoos, height, weight, eye color, home address, name and address of schools and employers, and a photograph.  Any failure to timely report this information will result in another criminal charge.

11. Predators are also required to report the license plate of their cars and where those cars are parked.  All of this information is available to the public upon request.

12. Both the Hamilton County Sheriff and the State of Ohio have an internet registry that publishes the offender's conviction, his/her sex offender classification, a description of the victim, the offender's age, weight, height, race, hair color, photo, aliases, scars, tattoos, and home address.  Hamilton County's internet registry includes the name of the offender's employer and the employment address.

13. Sexual predators are also subject to community notification.  Each county sheriff is required to disseminate a predator's name, home and work addresses, offense, predator status, and photograph.  This notice is distributed to the following individuals or entities located within

---

("Megan's Law") applies to Ms. Doe.  All statutory references are to Megan's Law unless otherwise noted.

1,000 feet of the predator's residence:  all neighbors, building managers, schools, pre-schools, day care centers, children services agency, and any volunteer organization that serves minors or other vulnerable individuals.  The notice must be posted in all common entryways in any apartment building within the 1,000-foot notification zone.

14. While required to register, Ms. Doe is prohibited from living within 1,000 feet of a school.

15.  Prior to 2003, predators were entitled to a hearing with the sentencing judge to prove the offender was no longer dangerous under former 2950.09(D)(1).  An offender could request a hearing one year before release from incarceration or one year after the conviction if the offender was not incarcerated.  After the initial filing, the petition could be renewed every five years.  If the judge determined the offender was a low risk, the offender was reclassified a sexually oriented offender and ordered to register once a year for a total of ten years under former 2950.07(B)(1).

16. In 2003, the General Assembly eliminated a predator's right to a hearing to prove the offender is no longer dangerous.  Now the law prohibits a judge from removing or terminating the predator classification and lifetime registration duty under R.C. 2950.07(B)(1) and R.C. 2950.09(D)(2).

**FACTS**

17. In 2006, Ms. Doe pled guilty to unlawful sexual conduct.  She was classified as a sexual predator and ordered to register every three months until her death.

18. Since then, Ms. Doe has successfully completed sex offender treatment by a psychologist qualified to treat sex offenders.  This doctor evaluated Ms. Doe and concluded that she now has a very low re-offense risk.

19. Ms. Doe was evaluated by a second treatment provider who also concluded that she was highly unlikely to commit another sex offense.

20. Ms. Doe has not committed any additional sex offenses or any other crimes.

21. At the time of her conviction, Ms. Doe was living in federally subsidized housing. But she is now prohibited from subsidized housing under 24 CFR 960.204 and 24 CFR 982.553 because her predator classification requires her to register for life.  Ms. Doe, who has four children, is having difficulty finding housing because of her predator status.  If Ms. Doe did not have a lifetime duty, she would be eligible for subsidized housing.

22. Every three months, Ms. Doe is required to personally register with the sheriff, update her information, and provide a photograph.  Ms. Doe is also required to pay a $25 registration fee every four months.

23. Ms. Doe can prove that she is no longer a dangerous, high-risk offender.  If given this opportunity, her classification would change to a sexually oriented offender, allowing her to register once a year for a total of ten years.  And she would no longer be subject to community notification.

24. Ohio law no longer allows Ms. Doe a hearing to show she is not currently a dangerous offender.  Instead, the sheriff and the attorney general will continue to inform the public she is currently dangerous through the internet registry and community notification until her death.

## FIRST CLAIM FOR RELIEF – VIOLATION OF PROCEDURAL DUE PROCESS

25. Ms. Doe incorporates by reference each and every averment and allegation set forth above.

26. Ohio's sex offender scheme violates Ms. Doe's procedural due process rights as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution by publicly proclaiming she is currently dangerous without giving her the opportunity to prove that she is not.

27. The State's declaration is untrue, sufficiently derogatory to injure her reputation, and capable of being proven false. Given the opportunity, Ms. Doe can prove that she is unlikely to commit another sex offense.

28. R.C. 2950.07(B)(1) and R.C. 2950.09(D)(2).prohibit Ms. Doe's predator classification to be removed or terminated.

29. Her predator classification significantly affects her legal status, rights and liberty. She must personally register every ninety days for life instead of just once a year and pay $100 per year instead of $25. Her predator status requires community notifications to warn her neighbors and numerous organizations that serve children that she is presently dangerous. And her predator status prohibits her from federal subsidized housing and from living within 1,000 feet of a school for the rest of her life.

30. Both the Attorney General and the Hamilton County Sheriff publicly notify the community that Ms. Doe is currently a risk via sex offender internet registries. The sheriff provides additional warnings to her neighbors and various community organizations. These notifications are performed under the color of state law.

31. Given the opportunity, Ms. Doe could prove she is unlikely to commit another offense, and the court would reclassify her as a sexually oriented offender and require her to register for an additional four years.

32. Procedural due process requires that Ms. Doe be granted a hearing to prove that is a low risk to re-offend and is not likely to commit one or more sexual offenses in the future.

**SECOND CLAIM FOR RELIEF – VIOLATION OF SUBSTANTIVE DUE PROCESS**

33. Ms. Doe incorporates by reference each and every averment and allegation set forth above.

34. Ohio's sex offender scheme violates Ms. Doe's substantive due process rights as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution by infringing on her protected liberty interests in her reputation, property, housing choices, privacy, and freedom from governmental restraint.

35. The dissemination of false information injures her reputation, and her predator status deprives her of significant liberties by, for example, requiring her to pay registration fees, barring her from public housing, and prohibiting her from living within 1,000 feet of a school.

36. Her status requires her to personally register with the sheriff four times a year until her death.

37. For the rest of her life, she must notify the sheriff if she moves, changes jobs, or goes to school. She is required to inform the sheriff of personal information unrelated to her criminal offense such as her height, weight, tattoos, and locations where she parks any car she may drive. All of that information is available to the public in violation of her privacy rights. If she fails to timely provide any of the required information, she is subject to an additional criminal charge.

38. The State may have a compelling or legitimate reason to notify the public of currently dangerous sex offenders and require them to register every ninety days until death, although recent studies suggest that registration and community notification do not enhance community safety.

8

39. But Ms. Doe is not currently dangerous, and the State has no reason to disseminate false information about her and require her to register until her death.

## **PRAYER FOR RELIEF**

Ms. Doe respectfully requests the Court to grant the following relief:

A.     a declaration that R.C. 2950.07(B)(1) violates procedural due process as applied to Ms. Doe;

B.     a declaration that R.C. 2950.07(B)(1) violates substantive due process as applied to Ms. Doe;

C.     an Order that a hearing be scheduled in the sentencing court to determine whether Ms. Doe is currently dangerous;

D.     an award of attorney's fees and costs to Ms. Doe;

E.     any and all other relief this Court finds appropriate.

Respectfully submitted,


/s/ David Singleton
David Singleton#0074556
Trial Attorney for Plaintiff
Ohio Justice & Policy Center
215 East Ninth Street, Ste. 601
Cincinnati, OH 45202
Tel.: (513) 421-1108 ext. 17
Fax: (513) 562-3200
Email: dsingleton@ohiojpc.org